```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
```

ALLIED HOME MORTGAGE §
CORPORATION and JAMES C. HODGE, §
   §
      Plaintiffs, §
   §
VS. § CIVIL ACTION H-11-3864
   §
SHAUN DONOVAN, Secretary, §
United States Department of §
Housing and Urban Development, §
*et al.*, §
   §
      Defendants. §

### OPINION AND ORDER

Pending before the Court in the above referenced cause is Plaintiff Allied Home Mortgage Corporation ("Allied Corporation") and James C. Hodge's motion for a temporary restraining order (instrument #2), seeking to set aside or nullify the suspensions of Plaintiffs' approval to originate and underwrite FHA-insured mortgage loans by the Mortgagee Review Board ("the Board") of the United States Department of Housing and Urban Development ("HUD"), effective November 1, 2011 (Exs. 1 and 2).[1]  The motion was heard on November 3, 2011, with Assistant United States Attorney from the Southern District of New York, Jamie Nowaday, participating by telephone.

The government has intervened in a *qui tam* fraud action filed

---

[1] The Board is authorized to issue such suspensions by 12 U.S.C. § 1708(3)(C) and (4)(B).

in the Southern District of New York, in which it sues Allied Home Mortgage Capital Corporation and Allied Corporation as the former entity's successor. The suspensions came as a result of the filing of the government's complaint in this action.

The Administrative Procedure Act ("APA") provides for judicial review of a "final agency action." 5 U.S.C. § 704. An agency action is "final" for purposes of the APA where the action represents the "consummation of the agency's decision making process." *Bennett v. Spear*, 520 U.S. 154, 178 (1997). Such finality allows an agency to apply its expertise and to correct its errors, while preventing courts from engaging in "piecemeal review which at the least is inefficient and upon completion of the agency might prove to have been unnecessary." *FTC v. Standard Oil Co.*, 448 U.S. 232,(HUD regulations under the APA 242 (1980).

Nevertheless, the Court's examination of the law indicates that federal courts lack the authority to require plaintiffs to exhaust administrative remedies before seeking judicial review if the relevant statute or agency regulation does not mandate exhaustion but rather make it discretionary. *Darby v. Cisneros*, 509 U.S. 137, 154 (1993); *United States v. Menedez*, 48 F.3d 1401, 1411 (5th Cir. 1995). Such is the situation here. 12 U.S.C. § 1708; 24 C.F.R. § 25.8. Thus the Court erred at the hearing in denying the motion for a temporary restraining order based on Plaintiffs' failure to exhaust remedies.

Nevertheless, the Court finds that it needs more information to make a decision on the request for injunctive relief in this case. Accordingly, the Court

ORDERS that the parties shall appear for a preliminary injunction hearing on Tuesday, November 8, 2011 at 9:30 a.m. in Courtroom 9C. Counsel shall submit witness lists, exhibit lists, and any briefing they wish the Court to consider by November 7, 2011.

**SIGNED** at Houston, Texas, this  3rd  day of  November , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE